# MINUTE ORDER

CASE NUMBER:        CIVIL NO. 23-00127 LEK-RT

CASE NAME:          Estate Administrative Services, LLC v City and County of
                    Honolulu

JUDGE:    Leslie E. Kobayashi          DATE:          05/30/2023

COURT ACTION:   EO: COURT ORDER GRANTING IN PART AND DENYING IN PART THE CITY'S MOTION TO DISMISS

On March 8, 2023, Defendant City and County of Honolulu ("the City") removed this action from the State of Hawai`i, First Circuit Court ("state court") to this district court. [Notice of Removal of Civil Action Under 28 U.S.C. § 1441(c), filed 3/8/23 (dkt. no. 1).] Plaintiff Estate Administrative Services, LLC as Personal Representative of the Estate of Linda May Johnson ("Plaintiff"), filed its Complaint for Damages ("Complaint") on February 27, 2023 in state court. [Id., Decl. of Counsel, Exh. "A" (Complaint).] On March 20, 2023, the City filed its Motion to Dismiss Plaintiff Estate Administrative Services, LLC, as Personal Representative of the Estate of Linda May Johnson's Complaint, Filed on February 27, 2023 ("Motion"). [Dkt. no. 7.] Plaintiff filed its response to the Motion on May 5, 2023, and the City filed its reply on May 12, 2023. [Dkt. nos. 20, 21.] The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.1(c). The Motion is hereby granted in part and denied in part for the reasons set forth below.

## DISCUSSION

Plaintiff alleges Honolulu Police Department ("HPD") officers arrested Linda May Johnson ("Johnson") in Waikiki on February 15, 2022, and released her shortly thereafter from the Kapolei Police Station without means of transportation, resources, or assistance. See Complaint at ¶¶ 6–7. Plaintiff also alleges that, after Johnson's release, HPD officers released Michael Armstrong ("Armstrong") who had pending felony charges and had a history of mental illness. See id. at ¶ 7. Upon Armstrong's release, he allegedly attacked and caused Johnson's death "upon or near the police station premises." [Id. at ¶ 8.] Plaintiff alleges two claims: a negligence claim ("Count I"); and a 42 U.S.C. § 1983 claim for the violation of Johnson's civil rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution ("Count II").

## I.      Negligence Claim (Count I)

Pursuant to Hawaii law, a plaintiff bringing a negligence claim must allege the following four elements:

> (1)     a duty, or obligation, recognized by law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks;
>
> (2)     a failure on the actor's part to conform to the standard required;
>
> (3)     a reasonable close casual connection between the conduct and the resulting injury; and,
>
> (4)     actual loss or damage resulting to the interests of another.

Ono v. Applegate, 62 Haw. 131, 612 P.2d 533, 538–39 (1980).

. . . .

In order to state a negligence claim against Defendant City and County of Honolulu, Plaintiff must specify the duty of care and describe the failure of an individual to conform to that duty. Plaintiff must demonstrate how the Defendant City and County of Honolulu is liable for the failure to conform by that individual. There also must be sufficient allegations to demonstrate how the failure caused Plaintiff harm.

Allegations in a complaint may not simply recite the elements of a cause of action, but the complaint must contain sufficient allegations of underlying facts to give fair notice to enable the opposing party to defend itself effectively. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

. . . .

In order to recover a tort claim against Defendant City and County of Honolulu pursuant to a respondeat superior theory, Plaintiff must establish: (1) a negligent act of the employee (breach of a duty that is the legal cause of injury) (2) that occurred within the employee's scope of employment. Carroll [v. Cnty. of Maui, Civil No. 13-00066 DKW-KSC], 2015 WL 1470732, at *11 [(D. Hawai`i Mar. 31, 2015)].

Dural v. City & Cnty. of Honolulu, Civ No. 21-00461 HG-WRP, 2023 WL 2083559, at *15–16 (D. Hawai`i Feb. 17, 2023).

Here, Plaintiff fails to allege how the City is liable for the purported negligence of the HPD officers who released Johnson and/or Armstrong.  Indeed, Plaintiff does not allege the officers owed a duty to Johnson and, if they did owe her a duty, how they breached such a duty.  Plaintiff's negligence claim also fails because, although Plaintiff alleges Armstrong had a history of mental illness and pending felony charges, Plaintiff does not adequately allege the officers or the City knew or had reason to know such factors would reasonably lead to Johnson's injury and death.

Moreover, the City argues that even if Plaintiff were to sufficiently allege a breach of duty by an officer, the officer is entitled to qualified or conditional privilege.  See Motion, Mem. in Supp. at 13.  There is a split of authority in this district court as to whether the qualified or conditional privilege bars negligence claims as a matter of law.  In Bartolome v. Kashimoto, United States Magistrate Judge Barry M. Kurren concluded that, because clear and convincing evidence that a non-judicial official was motivated by actual malice must be shown to overcome qualified privilege, "such a showing is incompatible with a claim based on negligence."  CIV. No. 06-00176 BMK, 2009 WL 1956278, at *2 (D. Hawai`i June 26, 2009).  In Long v. Yomes,, Senior United States District Judge Alan C. Kay disagreed with Bartolome, concluding that,

> [w]hile the requirement that plaintiffs show actual malice to overcome the "qualified or conditional privilege" is a significant obstacle, it does not preclude negligence liability in all cases.  In particular, conduct performed with "reckless disregard of the law or of a person's legal rights" may be negligent, even though negligent conduct often does not involve malice. . . .

Civ. No. 11-00136 ACK-KSC, 2011 WL 4412847, at *7 (D. Hawai`i Sept. 20, 2011).  Here, Plaintiff alleges in a conclusory manner that "[t]he conduct of Defendants as alleged herein was at a minimum negligent or grossly negligent . . . ."  [Complaint at ¶ 15.]  Because Plaintiff's allegations regarding negligence are lacking, this Court cannot determine whether the qualified or conditional privilege exists.  Nonetheless, Plaintiff's allegations regarding its negligence claim are too sparse to state a plausible claim and, therefore, the negligence claim is dismissed.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)).  But, because the negligence claim could be saved by amendment, the dismissal is without prejudice.  See Hoang v. Bank of Am., N.A., 910 F.3d 1096, 1102 (9th Cir. 2018) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." (quotation marks and citation omitted)).

## II.    42 U.S.C. § 1983 Claim

"To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law."  Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021) (quotation

marks and citation omitted).  Other than vaguely asserting its § 1983 claim based on alleged violations of the Fourth, Fifth, Eighth, and Fourteenth Amendment, Plaintiff does not allege how the City violated Johnson's rights under those Amendments.  Nor does Plaintiff allege which rights under those specific Amendments the City violated.  Simply put, there are not sufficient allegations for the Court to properly analyze Plaintiff's § 1983 claim.  To the extent that Plaintiff raises a due process claim under the Fifth Amendment, however, such a claim fails as a matter of law because the City is not a federal entity.  See Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008) ("[T]he Fifth Amendment's due process clause only applies to the federal government." (citations omitted)).  Thus, the portion of Count II alleging violations of the due process clause of the Fifth Amendment is dismissed with prejudice because amendment would be futile.

Furthermore, Plaintiff fails to allege the City had a policy that "amount[ed] to deliberate indifference to [Johnson's] constitutional right" and "the policy [wa]s the moving force behind the constitutional violation."  See Gordon v. Cnty. of Orange, 6 F.4th 961, 973 (9th Cir. 2021) (quotation marks and citation omitted).  Thus, Plaintiff has not alleged facts to raise a plausible § 1983 claim against the City under Monell v. Department of Social Services, 436 U.S. 658 (1978), and its progeny.  Accordingly, the portions of Count II alleging violations of the Fourth, Eighth, and Fourteenth Amendments are dismissed without prejudice because amendment could save the defects with the claim.

To the extent that Plaintiff's § 1983 claim is based on alleged violations of the Hawai`i Constitution, see Complaint at ¶ 18, it must "fail because state constitutional claims are not covered by Section 1983."  See Puana v. Kealoha, 587 F. Supp. 3d 1035, 1055 n.7 (D. Hawai`i 2022) (quotation marks and some citations omitted) (citing Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 371 (9th Cir. 1998)).  The portion of Count II alleging violations of the Hawai`i Constitution is dismissed with prejudice because amendment would be futile.

## CONCLUSION

On the basis of the foregoing, the Court GRANTS IN PART AND DENIES IN PART the City's Motion to Dismiss Plaintiff Estate Administrative Services, LLC, as Personal Representative of the Estate of Linda May Johnson's Complaint, Filed on February 27, 2023, filed March 20, 2023.

The Motion is GRANTED to the extent that: Count I is DISMISSED; the portion of Count II alleging violations of the due process clause of the Fifth Amendment is DISMISSED WITH PREJUDICE; the portion of Count II alleging violations of the Hawai`i Constitution is DISMISSED WITH PREJUDICE; and the portions of Count II alleging violations of the Fourth, Eighth, and Fourteenth Amendments are DISMISSED.

The Motion is DENIED to the extent that: the dismissal of Count I is WITHOUT PREJUDICE; and the dismissal of the portions of Count II alleging violations of the Fourth, Eighth, and Fourteenth Amendments are WITHOUT PREJUDICE.

Plaintiff is GRANTED leave to leave to file an amended complaint by **June 29, 2023**.  Plaintiff's leave to amend is limited to addressing the defects in the claims dismissed without prejudice in this Entering Order.  If Plaintiff chooses not to file an amended complaint, the claims that were dismissed without prejudice in this Entering Order will be dismissed with prejudice.  In that instance, no claims will remain in this case, and this case will be closed.

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager