UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ESTATE ADMINISTRATIVE SERVICES, LLC, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LINDA MAY JOHNSON;<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY HONOLULU, DOE DEFENDANTS 1-25,<br><br>Defendants. | CIV. NO. 23-00127 LEK-RT |

**ORDER DISMISSING CASE WITH PREJUDICE**

On June 29, 2023, Plaintiff Estate Administrative Services, LLC, as Personal Representative of the Estate of Linda May Johnson ("Plaintiff") filed its First Amended Complaint for Damages ("First Amended Complaint"). [Dkt. no. 24.] On November 8, 2023, this Court issued an order dismissing with prejudice Count I and Plaintiff's claims against the Doe Defendants in their official capacities, and dismissing Count II without prejudice. [Dkt. no. 35.[1]] Plaintiff was granted leave to file a second amended complaint by December 8, 2023. [Id. at 26-27.]

As of the date of this Order, Plaintiff has neither filed a second amended complaint nor requested an extension of the filing deadline. Because Plaintiff has not identified any

[1] The order is also available at 2023 WL 7385604.

circumstance which constitutes good cause warranting an extension of the December 8, 2023 deadline, this Court has the discretion to dismiss the Complaint with prejudice. See Yourish v. Cal. Amplifier, 191 F.3d 983, 988 (9th Cir. 1999) (holding that the plaintiff's failure to comply with a minute order setting forth the deadline to file the amended complaint gave the district court the discretion to dismiss the case under Fed. R. Civ. P. 41(b)),[2] *superseded by statute on other grounds as recognized in* Martinez v. Bruce P., Case No.: 1:22-cv-01134 JLT-SKO, 2023 WL 5488343, at *1 (E.D. Cal. Aug. 24, 2023). After weighing the five dismissal factors set forth in Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011),[3] this Court finds that the public interest in the expeditious resolution of this litigation and this Court's interest in managing the docket

---

[2] Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[3] The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith, 648 F.3d at 788 (citations and quotation marks omitted).

strongly outweigh the policy favoring disposition of Plaintiff's claims on the merits. Moreover, there are no less drastic alternatives available at this time.

Count II, which this Court previously dismissed without prejudice, is HEREBY DISMISSED WITH PREJUDICE. There being no remaining claims in this case, this Court DIRECTS the Clerk's Office to enter final judgment and close the case on **January 2, 2024**, unless Plaintiff files a timely motion for reconsideration of this Order as provided for in the Local Rules of Practice for the United States District Court for the District of Hawaii.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 18, 2023.




/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ESTATE ADMINISTRATIVE SERVICES, LLC, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LINDA MAY JOHNSON VS. CITY AND COUNTY HONOLULU, ET AL; CV 23-00127 LEK-RT; ORDER DISMISSING CASE WITH PREJUDICE**